IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PRICE DAWE 2006 INSURANCE TRUST, by and through its trustee, CHRISTIANA BANK AND TRUST COMPANY, and PRICE DAWE IRREVOCABLE LIFE INSURANCE TRUST, by and through its trustee, CHRISTOPHER S. HAMMATT, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 10-964-RGA |

**BRIEF IN SUPPORT OF PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AS TO PRICE DAWE IRREVOCABLE LIFE INSURANCE TRUST**

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff PHL Variable Insurance Company ("PHL") files this Brief in Support of its Motion for Default Judgment and respectfully requests that this Court enter a default judgment against Defendant Price Dawe Irrevocable Life Insurance Trust, by and through its trustee, Christopher S. Hammatt. In support, PHL shows as follows:

1. On November 10, 2010, PHL filed its Complaint seeking a declaratory judgment that PHL policy number 97520148 ("Policy"), insuring the life of Price Jefferson Dawe (the "Applicant"), is null, void and, rescinded *ab initio* due to the lack of insurable interest at the Policy's issuance. (*See* Compl., [D.I. 1]). In its Complaint, PHL also alleged two interpleader claims asserting that both Defendant Price Dawe 2006 Insurance Trust, by and through its trustee, Christiana Bank and Trust Company ("2006 Trust") and Defendant Price Dawe

Irrevocable Life Insurance Trust, by and through its trustee, Christopher S. Hammatt (2008 Trust") had made a claim to the death benefits for the Policy. (*See id*.).

2.  PHL alleges that the Applicant made misrepresentations and/or omissions during the application process that lead PHL to believe that there was an insurable interest in the Policy. *Id*. at p. 7–10. In reliance on these representations, PHL issued the Policy on March 8, 2007. *Id*. at p.10. The Applicant died on March 3, 2010. *Id*. at 11.[1] At the time of the Applicant's death, the 2006 Trust was the named owner and beneficiary under the Policy. *See id*. at 10. The 2006 Trust made a claim for the Policy's proceeds. *See id*. at 12. However, PHL also received a claim for the Policy's death benefits from Christopher Hammatt, the 2008 Trust's trustee. *See id*. Mr. Hammatt contended that the 2008 Trust was the owner and beneficiary of the Policy and that the Applicant's ex-wife was the sole beneficiary of the 2008 Trust. *Id*. As such, Mr. Hammatt claimed that the 2008 Trust, rather than the 2006 Trust, was entitled to the Policy's death benefits. Therefore, conflicting claims brought about issues that could not be resolved without exposing PHL to double or multiple liability. *Id*. at p. 15–16.

3.  The Complaint sets forth facts sufficient to show that PHL's causes of action are within the jurisdiction of this Court, and sufficient to state causes of action in a form that gives the 2008 Trust fair notice of the Complaint and the relief sought.

4.  On November 12, 2010, PHL properly served a copy of the summons and Complaint on Mr. Hammatt, the 2008 Trust's trustee, at 41877 Enterprise Circle North, Suite 211, Temecula, California 92590. (*See* Summons, [D.I. 5, 6]); *see also* Declaration of Tiffany G. Lydon ¶ 3, filed with this Motion). On November 24, 2010, PHL filed the Summons with the Court. (*See* [D.I. 5, 6]).

---

[1] Although the Complaint mistakenly stated that the Applicant died on March 3, 2009, the Applicant's date of death was actually March 3, 2010.

5. The 2008 Trust's answer to the Complaint was due no later than December 2, 2010. (*See* Fed. R. Civ. P. 12(a)(1)(A)). To date, however, the 2008 Trust has not appeared, filed a responsive pleading, or otherwise defended this suit. (Lydon Decl. at ¶ 4). Thus, the applicable time period for the 2008 Trust to respond to the Complaint has expired.

6. Moreover, on September 24, 2012, Mr. Hammatt testified that he did not believe that the 2008 Trust had a meritorious claim to the Policy's death benefits. (*See* Deposition of Christopher Hammatt at 73:25–74:4, attached hereto as Exhibit 1). Mr. Hammatt later testified that, in his capacity as trustee for the 2008 Trust, he was disclaiming any and all interest that the 2008 Trust had in the Policy's proceeds. (*See id*. at 139:8–22).

7. Mr. Hammatt also testified that he had "no desire to be involved" in the litigation. (*See id*. at 74:5–17). He was not interested in pursuing the 2008 Trust's claim to the Policy; however, Mr. Hammatt indicated that he had yet to perform various formalities to officially withdraw the 2008 Trust's claim to the Policy. (*See id*.).

8. Additionally, the 2006 Trust's Partial Motion for Summary Judgment [D.I. 158, 159] and Response to PHL's Request for Entry of Default [D.I. 180] confirm that all interested parties are in agreement that the 2008 Trust has no claim to the Policy or its proceeds.

9. On January 14, 2013, PHL filed a request for entry of default as to the 2008 Trust [D.I. 152]. The Clerk of the Court entered the default on January 24, 2013. (*See* Entry of Default, [D.I. 179]).

10. The 2008 Trust is a Delaware entity. (Lydon Decl. at ¶ 5). As such, it is not an infant or incompetent, nor is it a current member of the United States military. (*Id*.). Therefore, a default judgment against the 2008 Trust may be entered.

Therefore, for the foregoing reasons, Plaintiff PHL Variable Insurance Company requests that this Court enter a default judgment against Defendant Price Dawe Irrevocable Life Insurance Trust, by and through its trustee, Christopher S. Hammatt, and award PHL any and all such other relief as to which PHL may show itself to be justly entitled.

        ASHBY & GEDDES

        */s/ Tiffany Geyer Lydon*

        _____
        Richard D. Heins (I.D. #3000)
        Tiffany Geyer Lydon (I.D. #3950)
        500 Delaware Avenue, 8th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888
        rheins@ashby-geddes.com
        tlydon@ashby-geddes.com

        -and-

        Thomas F.A. Hetherington
        Jarrett E. Ganer
        EDISON, McDOWELL &
          HETHERINGTON LLP
        Phoenix Tower
        3200 Southwest Freeway, Suite 2100
        Houston, Texas 77027
        (713) 337-5580

        *Attorneys for Plaintiff*
        *PHL Variable Insurance Company*

Dated:  February 5, 2013

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2013, the attached **BRIEF IN SUPPORT OF PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AS TO PRICE DAWE IRREVOCABLE LIFE INSURANCE TRUST** was served upon the below-named individuals at the address and in the manner indicated:

| | |
|---|---|
| Christopher S. Hammatt<br>PRICE DAWE IRREVOCABLE LIFE<br>INSURANCE TRUST<br>23555 Karen Place #207<br>Murrieta, CA 92562 | <u>BY FEDERAL EXPRESS</u> |
| David J. Baldwin, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza – Sixth Floor<br>1313 N. Market St.,<br>Wilmington, DE 19801 | <u>BY ELECTRONIC MAIL</u> |
| Lary Alan Rappaport, Esquire<br>PROSKAUER ROSE LLP<br>2049 Century Park East<br>Suite 3200<br>Los Angeles, CA 90067 | <u>BY ELECTRONIC MAIL</u> |
| John E. Failla, Esquire<br>PROSKAUER ROSE LLP<br>11 Time Square<br>New York, NY 10036 | <u>BY ELECTRONIC MAIL</u> |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon