**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 10-964-RGA |
| PRICE DAWE 2006 INSURANCE TRUST, by and through its trustee, CHRISTIANA BANK AND TRUST COMPANY, and PRICE DAWE IRREVOCABLE LIFE INSURANCE TRUST, by and through its trustee, CHRISTOPHER S. HAMMATT, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**RESPONSE OF PLAINTIFF PHL VARIABLE INSURANCE COMPANY TO**
**DEFENDANT PRICE DAWE 2006 INSURANCE TRUST'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff PHL Variable Insurance Company ("PHL") hereby responds to the Motion for

Partial Summary Judgment filed by Defendant Price Dawe 2006 Insurance Trust (the "2006

Trust") on January 22, 2013 (D.I. 158, 159).  For the most part, PHL agrees with the relief

requested by the 2006 Trust, and has already requested substantially similar relief in its Motion

for Default Judgment as to the Price Dawe Irrevocable Life Insurance Trust (the "2008 Trust")

(D.I. 197, 198).  However, the 2006 Trust's instant motion is not accompanied by a proposed

order outlining the contours of the relief requested.  As such, PHL submits that the Court should

defer ruling on the 2006 Trust's motion and instead issue the proposed order accompanying

PHL's Motion for Default Judgment.

The facts surrounding PHL's interpleader claims are straightforward and set forth in

PHL's Brief in Support of Motion for Default Judgment (D.I. 198) and the 2006 Trust's Brief in

Support of its Motion for Partial Summary Judgment (D.I. 159).  The 2008 Trust has represented

that it has no interest in either the proceeds or premiums of PHL policy number 97520148 (the "Policy").  The parties appear to agree that any disbursement of Policy proceeds or return of Policy premiums that the Court may deem appropriate, if any, are to be remitted to the 2006 Trust alone.

While PHL agrees in principle with the relief generally described in the 2006 Trust's Motion for Summary Judgment, PHL submits that final judgment on interpleader claims should be set forth in an order providing precise clarity regarding the relief granted, including language explicitly discharging the stakeholder of any and all liability as against the defendant being dismissed.  PHL has submitted such a proposed order in connection with its Motion for Default Judgment (D.I. 197-1), and submits that, rather than having to fashion its own order to respond to the Motion, the Court may instead execute PHL's proposed order to resolve this matter.

For the reasons set forth in this Response, PHL respectfully requests that this Court defer ruling on the 2006 Trust's Motion for Partial Summary Judgment and enter PHL's Proposed Order of Default Judgment (D.I. 197-1).

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Richard D. Heins (I.D. #3000)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
rheins@ashby-geddes.com
tlydon@ashby-geddes.com

-and-

Thomas F.A. Hetherington
Jarrett E. Ganer
EDISON, McDOWELL &
HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
(713) 337-5580

*Attorneys for Plaintiff*
*PHL Variable Insurance Company*

Dated:  February 8, 2013